**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDREW MCKINNON, ) | |
| ) | |
|         **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-699-NJR |
| ) | |
| BIG MUDDY RIVER CORRECTIONAL ) | |
| CENTER, BIG MUDDY RIVER ) | |
| ADMINISTRATION/PAROLE BOARD, ) | |
| BIG MUDDY RIVER COUNSELORS, ) | |
| and BIG MUDDY RIVER ORANGE ) | |
| CRUSH TACT UNIT MEMBERS/ ) | |
| MEDICAL, ) | |
| ) | |
|         **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Andrew McKinnon, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), McKinnon alleges various constitutional violations. He seeks monetary damages.

    The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

McKinnon makes the following allegations in the Complaint (Doc. 1): He was supposed to be released on parole on January 20, 2018, but because he could not provide a host site, he was not released (*Id*. at p. 7). McKinnon believes the law requiring him to provide a host site is unconstitutional and the prison review board improperly kept him from leaving prison. He wrote a grievance to Counselor Hart, who labeled the grievance a repeat grievance. McKinnon believes Hart is biased towards him and improperly denied the grievance. He is unable to get copies of his grievances, and it is difficult to obtain grievance forms from the counselors (*Id*. at p. 8). He wrote a Freedom of Information Act request for the grievances, but the request was denied.

On February 22, 2019, the Orange Crush team came to McKinnon's cellhouse. Several officers entered his cell and told him to cuff up. He informed them to wait so that he could produce medical paperwork preventing him from being cuffed behind his back, but they continued to yell at him until he allowed them to cuff him behind his back (Doc. 1, p. 9). McKinnon was marched to the chow hall where he remained cuffed for over two hours. His neck and shoulder hurt because of his medical condition and improper cuffing (*Id*.). He begged officers to take the cuffs off of him, but they ignored him or laughed at him. He was about to pass out when an officer took him to the medical unit. He saw Dr. Cory Girz, but he brushed off McKinnon's complaints and would not order x-rays. McKinnon received a permit after the incident.

On April 21, 2019, McKinnon wrote a grievance about his medical care after a fall. He slipped on a wet floor when there was no wet floor sign. He saw Dr. Larson and received an x-ray but the x-ray machine was old, and McKinnon could not properly see the x-ray after several takes. He asked to be sent to an outside doctor, but Dr. Larson refused (Doc. 1, p. 10).

McKinnon also has problems with his shoulder and back that cause him pain (Doc. 1, p. 11). He has trouble sleeping and walking because of the pain. He asked Dr. Larson to be sent to an outside physician. He also asked for heating and cooling pads, which he previously used but is now not allowed to have them (*Id.*).

In the summer of 2018, McKinnon had issues with his stomach, and Dr. Larson ordered a stool sample test, but he never received the test (Doc. 1, pp. 11-12). He only recently received the test after asking Dr. Larson for several months. The tested showed blood in his sample (*Id.* at p. 12). He finally was sent to an outside doctor in March 2019, and tests were scheduled to view his colon. Those tests have now been delayed because of Covid-19, but McKinnon takes issue with Dr. Larson's delay of over a year for the initial stool sample.

## Discussion

There are several issues with McKinnon's Complaint. He identifies a number of potential Defendants, including Dr. Larson, Dr. Girz, members of the Orange Crush Tactical Unit, medical staff, counselors including Counselor Hart, administration, and the parole review board. None of these groups and individuals are listed in the caption of his Complaint. Because McKinnon fails to list these individuals and groups in the caption, they are considered **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party). Further, to the extent that McKinnon seeks to sue groups of people including medical staff, counselors, administration, parole review board, and the tactical unit, his identification of group defendants rather than individual defendants is improper.[1] To state a

---

[1] Group defendants create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued;

Section 1983 claim against an individual or entity, McKinnon must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).

The only entity McKinnon identifies in the caption of his Complaint is Big Muddy River Correctional Center (Doc. 1, p. 1). But the correctional center is not a proper party. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Big Muddy cannot be sued because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, Big Muddy is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71. Accordingly, Big Muddy Correctional Center is **DISMISSED with prejudice**.

Finally, the Court notes that McKinnon includes a number of unrelated claims. He offers a laundry list of complaints about his incarceration at Big Muddy, including interactions with the parole board, treatment of his grievances, interactions with the tactical unit, and various unrelated medical issues. McKinnon's Complaint violates the rules of joinder by throwing all of his grievances together in a single Complaint. Fed. R. Civ. P. 18-21; *Wheeler v. Wexford Health*

---

each defendant must be an individual or legal entity that may accept service of a complaint) (citing Fed. R. Civ. P. 4(e)-(j)).

*Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). If he decides to pursue all of these unrelated claims in an Amended Complaint, this will result in severance of his unrelated claims into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g). Further, a number of his claims are vague and do not indicate how he believes his constitutional rights were violated. He alleges that he was improperly denied parole and that the "law" was unconstitutional, but he does not indicate what law he is referring to or how his rights were violated.

Because of these numerous deficiencies, should McKinnon want to pursue any of his various potential claims, he will need to file an Amended Complaint. A successful Complaint generally alleges "the who, what, when, where, and how…". *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). If McKinnon elects to file an Amended Complaint, he should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. To the extent possible, he should also include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. If McKinnon does not know the name of a specific defendant, he should refer to that person by a John Doe designation (*i.e.*, John Doe #1 tactical officer, John Doe #2 grievance officer, etc.). His Complaint should also be limited to related claims.

**Pending Motions**

As to McKinnon's motions for counsel (Docs. 3 and 16), he states that he has written several attorneys who declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*,

706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court finds McKinnon capable of filing an Amended Complaint on his own. Thus, McKinnon's motions for counsel (Docs. 3 and 16) are **DENIED** without prejudice. McKinnon may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, McKinnon's Complaint is **DISMISSED without prejudice**. The motion for service of process (Doc. 4) is **DENIED as moot**. McKinnon is **GRANTED** leave to file a "First Amended Complaint" on or before **January 8, 2021**. Should McKinnon fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and McKinnon must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

McKinnon is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether McKinnon elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, McKinnon is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/8/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**