IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW McKINNON, #B89426, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-699-NJR |
| | ) |
| BIG MUDDY RIVER CORRECTIONAL CENTER, | ) |
| MARGON TAYLOR, | ) |
| DENNIS LARSON, | ) |
| JOHN DOE #1 (Lieutenant Officer), | ) |
| JANE DOE #2 (Nurse at Medical Office), | ) |
| JOHN DOE #3 (3-C House Wing Officer), | ) |
| and JANE DOE #4 (X-Ray Nurse), | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Andrew McKinnon is an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated in the Big Muddy River Correctional Center ("BMRCC"). He brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to a serious medical condition. He seeks monetary damages.

Upon initial review, the Court dismissed McKinnon's original Complaint (Doc. 1) without prejudice because of several deficiencies. (Doc. 22). McKinnon's First Amended Complaint (Doc. 25) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally

1

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

McKinnon makes the following allegations in the First Amended Complaint: On an unspecified date, McKinnon slipped and fell on a wet floor that was not marked with any warning signs. (Doc. 25, pp. 1, 6, 33-35). Assistant Warden Taylor was responsible for safety in the institution. (Doc. 25, p. 1). Lt. Officer John Doe #1 was the officer McKinnon "talk[ed] to in the chow hall that morning." (Doc. 25, p. 3). Nurse Jane Doe #2 took the report of McKinnon's slip and fall accident. (Doc. 25, p. 4). McKinnon told 3-C House Wing Officer John Doe #3 about the slip and fall. (Doc. 25, p. 4). McKinnon filed a grievance (#20-5-19) over the issue on April 21, 2019. (Doc. 25, pp. 6, 17).

McKinnon had unspecified medical conditions that predated the injury. He is in significant pain and cannot sleep on either shoulder or the pain wakes him up. He cannot walk far before his back gets stiff and his knee clicks. McKinnon made many requests to Dr. Larson for a referral to a physical therapist and treatment with heating and cooling pads without success. He previously received this therapy/treatment, but it was discontinued. (Doc. 25, pp. 6-7, 35; Doc. 25-1, pp. 41, 43, 47). McKinnon uses a wheelchair and cane for mobility.

The x-ray machine at BMRCC is "ancient," requiring x-ray Nurse Jane Doe #4 to take several images, but she was still unable to get a clear x-ray after McKinnon's fall.

(Doc. 25, pp. 5, 7). McKinnon complained about the poor images to Dr. Larson and requested a referral to an outside doctor where a good x-ray could be taken, but Dr. Larson denied the referral. (Doc. 25, p. 7).

McKinnon asserts that the delay in addressing his pain, the failure to provide treatment for his conditions, and the denial of referrals to outside specialists amounts to deliberate indifference. (Doc. 25, pp. 7-8). He seeks damages for pain and suffering. (Doc. 25, p. 12).

## PRELIMINARY DISMISSALS

As McKinnon was advised in the Order dismissing his original Complaint, the BMRCC is not a proper party to this action. A state prison cannot be sued for money damages because it is a division of the Illinois Department of Corrections, which is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). The BMRCC is therefore **dismissed** from the action with prejudice.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** Eighth Amendment deliberate indifference claim against Taylor, John Doe #1, and John Doe #3, for failing to warn Plaintiff of the wet floor hazard or correct the dangerous condition.

**Count 2:** Eighth Amendment deliberate indifference claim against Dr. Larson, Jane Doe #2, and Jane Doe #4, for delaying and denying medical care and specialist referrals for Plaintiff's painful medical conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

To maintain a constitutional claim for deliberate indifference, a plaintiff must allege that the defendants knew about a serious risk of substantial harm yet acted or failed to act in disregard of that risk. The mental state of deliberate indifference is an indispensable component of the claim—the defendant need not intend the harm to occur, but s/he must know that an excessive risk exists to the plaintiff's health or safety if no corrective action is taken. *Farmer v. Brennan,* 511 U.S. 825, 827 (1994); *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004).

Courts have consistently held that slippery prison floors do not implicate the Constitution. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward*, 88 F. App'x 125 (7th Cir. 2004) (affirming the dismissal of a slip-and-fall claim on 1915A review because accumulation of water on prison floor did not present a risk of serious injury); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment").

Here, McKinnon seeks to impose liability on Warden Taylor for the wet floor condition because Taylor is responsible for institutional safety. McKinnon does not allege that Taylor had actual knowledge of the wet floor or the lack of warning signs, therefore, there is no factual support for a claim that Taylor knew about the condition but was deliberately indifferent to the danger it posed. At most, McKinnon's allegations suggest possible negligence on Taylor's part, but negligence does not violate the Constitution and is not enough to support a claim of deliberate indifference. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Count 1 therefore fails to state a constitutional claim against Taylor on which relief may be granted.[2]

As for Officers John Doe #1 and #3, McKinnon states only that he reported the wet floor to these individuals after he slipped and fell. Again, this allegation fails to establish that John Doe #1 or John Doe #3 had any knowledge of the floor hazard before McKinnon

---

[2] While McKinnon fails to state a federal constitutional claim, he may be able to bring a negligence suit in the Illinois Court of Claims. That said, the Court takes no position on the merits, viability, or timeliness of such a claim.

fell, or that they were deliberately indifferent to a serious risk of harm. The claims against John Doe #1 and John Doe #3 also shall be dismissed for failure to state a claim upon which relief may be granted. Count 1 will be dismissed in its entirety.

### Count 2

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, a defendant's inadvertent error, negligence, misdiagnosis, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). Further, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

McKinnon's description of his significant and persistent shoulder and back pain is sufficient at this stage to qualify as an objectively serious medical condition. The remaining question is whether Defendants were deliberately indifferent to that condition. McKinnon states that Nurse Jane Doe #2 made a report on his slip and fall incident. This minimal involvement does not suggest any deliberate indifference on her part. Nurse Jane Doe #4 was responsible for taking x-rays and the quality of images was impaired by the poor condition of the x-ray machine. This does not show deliberate indifference by Nurse Jane Doe #4. Both nurses will therefore be dismissed from this claim.

McKinnon complains that Dr. Larson failed to refer him for an outside x-ray, refused to continue his physical therapy or heat/cold treatments, and denied referrals for any other outside diagnosis or treatment. A medical judgment that such care was not necessary would not amount to a constitutional violation. But if Dr. Larson's decision(s) resulted in a denial of treatment for McKinnon's pain or a delay in providing him with pain relief, McKinnon may succeed in showing that Larson was deliberately indifferent. Count 2 against Dr. Larson is therefore not subject to dismissal at this early stage.

### MOTION FOR COUNSEL

McKinnon's motion for recruitment of counsel (Docs. 29, 31) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). This motion and McKinnon's earlier motion demonstrate that he has made a reasonable attempt to obtain

counsel. (Doc. 31; Doc. 16). At this early stage, however, it appears that McKinnon is competent to litigate the case himself. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). McKinnon states that he has only a grade school education and cannot currently access the law library because of COVID-19 restrictions. Nonetheless, his Amended Complaint competently sets forth the relevant facts and his legal claims. Although the motion is denied at this juncture, McKinnon may renew his request for counsel if necessary, as the case progresses.

## DISPOSITION

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Defendants Taylor, John Doe #1, Jane Doe #2, John Doe #3, and Jane Doe #4 are **DISMISSED** from the action without prejudice. Defendant Big Muddy River Correctional Center is **DISMISSED** from the action with prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** against Dr. Larson survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendant **LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 25), and this Memorandum and Order to Defendant's place of employment as identified by McKinnon. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were

sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by McKinnon, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

McKinnon is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

McKinnon is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and

may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  April 13, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.